UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SOIL SOLUTIONS, INC.,

        Plaintiff,

-against-

SOILSOLUTION INDUSTRIES INC. and

GREGORY DICAPAU,

        Defendants.
------------------------------------------------------------------X

Date of Service: October 20, 2009

09 CV 2470 (JBW)(RML)

**DEFENDANTS RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS PURSUANT TO RULE 56.1**

*ELECTRONICALLY FILED*

Defendants, by and through their undersigned attorneys and pursuant to Local Civil Rule 56.1, submit the following response in opposition to Plaintiff's Statement of Material Facts:

1. Undisputed.

2. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm that the Plaintiff engages in the services as alleged, nor the location of the services it may provide.

3. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm that the Plaintiff has used "soil solutions" since 1992 to "identify the companies services".

4. Disputed as (1) the terms "substantial good will" and "recognition" are not facts but rather legal characterizations of issues which are at the heart of the case (2) disputed as "participants in the construction industry" are not identifiable (3) disputed as "soil solutions" is not a service mark within the meaning of the Lanham Act and as such "service mark" is legal characterization of issues which are at the heart of the case (4) Defendants have no knowledge, information or discovery to confirm how the Plaintiff is "known" or how customers "recognize" the Plaintiff and therefore said allegations are disputed.

5. Disputed to the extent that Defendants have no knowledge information or discovery to confirm the statements contained herein, including but not (1) that any "customers" use the web site or (2) that 44,000 "visitors" accessed the web site.

6. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm that the Plaintiff's sales are as alleged.

7. Disputed (1) as the term "good will" is not a fact but rather a legal characterizations of issues which are at the heart of the case (2) disputed as the meaning of "presence" is not identifiable (3) Defendants have no knowledge, information or discovery to confirm how the Plaintiff advertises and therefore the allegations concerning same are disputed.

8. Disputed (1) as the term "reputation" is not a fact but rather a legal characterizations of issues which are at the heart of the case (2) disputed as Defendants have no knowledge, information or discovery to confirm an annual growth rate and therefore the allegations concerning same are disputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Disputed(1) to the extent that the as the term "mark" and "trade names" are not facts but rather legal characterizations of issues which are at the heart of the case (2) disputed as "soil solution" is not a service mark within the meaning of the Lanham Act and as such "service mark" is legal characterization of issues which are at the heart of the case.

13. Disputed.

14. Disputed (1) to the extent that the as the terms "mark", "similar", "confusing", "identical" are not facts but rather legal characterizations of issues which are at the heart of the case (2) disputed as to any and all allegations of confusion or as to the what "caused' the use of metadata.

15. Undisputed.

16. Disputed (1) to the extent that the as the term "activities' is unidentifiable and that said term

and the terms "confusingly similar" and "refusal" are not facts but rather legal characterizations of issues which are at the heart of the case (2) disputed as to the nature and use of the word "refusal" as said word in the context provided speaks to an alleged right which is itself disputed.

17. Disputed.

18. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm the veracity of the allegations contained herein.

19. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm the veracity of the allegations contained herein.

20. Disputed to the extent that Defendants have no knowledge, information or discovery to confirm the veracity of the allegations contained herein.

Dated: Brooklyn, New York
       October 28, 2009

                            Respectfully submitted,

                            BY:   /s/ Christopher Cardillo, Esq.
                            Cardillo Law, P.C.
                            Attorneys for the Defendants
                            Soil Solution Industries Inc. and Gregory Dicapua
                            2005 Stillwell Avenue
                            Brooklyn, New York 11220
                            T. 718-395-3188; F. 718-228-7700
                            Email: hac5x3@gmail.com