UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**SOIL SOLUTIONS, INC.,**  Date of Service: November 3, 2009

              Plaintiff,

                                           09 CV 2470 (JBW)(RML)

    -against-

**SOILSOLUTION INDUSTRIES INC. and**         *ELECTRONICALLY FILED*
**GREGORY DICAPAU,**

              Defendants.
-----------------------------------------------------------------------X

## MEMORANDUM IN OPPOSTION TO PLAINTIFF'S
## CROSS-MOTION FOR SUMMARY JUDGMENT

This Memorandum is submitted in opposition to the Plaintiff's cross-motion for summary judgment and in further response to the Plaintiff's simultaneous motion for a preliminary injunction and in further support of Defendants' motion to dismiss the complaint and action with prejudice.

### I. THE PLAINTIFF DOES NOT HAVE A VALID PROTECTABLE MARK

The plaintiff has alleged that the term "soil solutions is at worst, a suggestive mark because it requires imagination, thought and perception to see a connection between the mark and the services offered" (Plaintiff's memorandum of Law in opposition, etc. at page 9, par.2). In making this argument the Plaintiff entirely fails to recognize that the term "soil solutions" conveys multiple descriptive meanings across multiple commercial uses and that it could not ever specifically "suggest" the Plaintiff's services.

The Plaintiff's attorneys additionally fail to recognize that as a result of the terms multiple meanings and descriptive nature, that (as has been previously submitted) the term "soil solutions" could not develop a secondary meaning in relation to the services offered by the Plaintiff.

A "suggestive" mark is one that "requires some operation of the imagination to connect" its meaning with the mark, *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984).

Nonetheless, "even a mark held to be suggestive may be found weak under the first likelihood of confusion factor.", *Petro Shopping Centers, L.P. v. James River Petroleum, Inc.*, 130 F.3d 88, 93 (4th Cir. 1997).

The strength of a mark "ultimately depends on the degree to which the designation is associated by prospective purchasers with a particular source", *Id.* (quoting *Estee Lauder Inc. v. The Gap, Inc.*, 108 F.3d 1503, 1510 (2d Cir. 1997).

A term is deemed to be merely descriptive of goods or services if it forthwith conveys an immediate idea of an ingredient, quality, characteristic, feature, function, purpose or use of the goods or services, *In re Gyulay*, 820 F.2d 1216, 3 USPQ2d 1009 (Fed. Cir. 1987); *In re Abcor Development Corp.*, 588 F.2d 811, 200 USPQ 215 (CCPA 1978).

A term need not immediately convey an idea of each and every specific feature of the applicant's goods or services in order to be considered merely descriptive; it is enough that the term describes one significant attribute, function or property of the goods or services, *In re H.U.D.D.L.E.*, 216 USPQ 358 (TTAB 1982); *In re MBAssociates*, 180 USPQ 338 (TTAB 1973).

On the other hand, if imagination, thought or perception is required to reach a conclusion on the nature of the goods or services, the mark is suggestive and protectable, *In re Nett Designs*, 236 F.3d 1339, 57 USPQ2d 1564 (Fed. Cir. 2001).

In the instant matter not only does the term "soil solutions" not point specifically to the limited and narrow services offered by the Plaintiff, but it additionally and specifically points to numerous and various other services not related to those services offered by the Plaintiff (these include environmental soil solutions, transportation soil solutions, contaminated soil solutions, excavation soil solutions, agricultural soil solutions, treatment soil solutions, etc.). As evidenced by the numerous companies using the combined terms in these other contexts.

While the Plaintiff's attorneys feign understanding of the Defendants' motion to dismiss, it is

respectfully submitted that a term that may not be afforded protection under the Lanham Act is subject to an immediate motion to dismiss as a matter of law.

In this regard, the combination of two generic unprotectable terms results in a mark which is, in its entirety, a non-descriptive or unitary term that simply has no direct meaning in relation to the identified services of the Plaintiff.

This lack of connection between the use of the term "solutions" in conjunction with another generic term has been the repeated basis for a denial of word mark applications with the Patent and Trademark Office. For example:

> Registration No. 2895452 for the mark "ONE SOLUTION";
>
> Registration No. 2872641 for the mark "BUNDLED SOLUTION";
>
> Registration No. 2818765 "SOLUTIONS FOR YOUR SCIENCE";
>
> Registration No. 2700802 for the mark "OPTIMUS SOLUTIONS";
>
> Registration No.2159274 for the mark "SINGLE SOURCE, MULTIPLE SOLUTIONS";
>
> Registration No. 2475166 for the mark "OUTPUT TECHNOLOGY SOLUTIONS" ("Technology Solutions" is disclaimed);
>
> Registration No. 2303416 for the mark CREATIVE AUTOMATION SOLUTIONS" ("Automation Solutions" disclaimed);
>
> Registration No. 2786687 for the mark IKON OFFICE SOLUTIONS ("Office Solutions" disclaimed);
>
> Registration No. 2619924 for the mark LANDMARK COLOUR COMMUNICATIONS INTEGRATED PRINTING SOLUTIONS ("Printing Solutions" disclaimed).

Many of these registration denials have been upheld by the Trademark Trial and Appeals Board. For example:

> In Prosit LLC Serial No. 78539801 and Serial No. 78539762 (May 30, 2007) (upholding denial of "print solutions").
>
> In re Cooper Crouse-Hinds GmbH,Serial No. 79011441 (June 12, 2009 ("upholding

denial of "next solutions" and stating that "the additional word SOLUTIONS would not change the commercial impressions of the mark inasmuch as it only describes the fact that registrant's goods are a solution to a problem as opposed to being a term that would be used to distinguish the sources of the products").

While it is possible, as the defendants have done, to take these generic and descriptive terms and combine them with elements of distinctiveness (i.e. color and/or a logo) to obtain a protectable and register-able mark, this has and is not the contention of the Plaintiff. The Plaintiff seeks only protection in the combination of the words "soil" and "solution(s)". In fact the Plaintiff continues to ignore the glaring design dissimilarities between the two marks used by these two within companies.

At this time, the Plaintiff has wholly failed to address the generic or simple descriptive nature of the term "soil solutions".

## II. THERE ARE NO GROUNDS FOR SUMMARY JUDGMENT

If this honorable Court rejects the Defendants contentions concerning the protectability of the term "soil solutions", and instead looks to the elements of "confusion" (as that term is defined by the law,) then it is further submitted that such an analysis is only relevant in the context of the Plaintiff's motion for a preliminary injunction (i.e. on whether the Plaintiff is likely to be successful on the merits).

The issue of whether the term "soil solutions" creates "confusion" is based upon numerous disputed facts (see Defendants' Response To Plaintiff's Statement of Facts Pursuant To Rule 56.1) and is not a question of law that can be decided in the context of a motion for summary judgment.

The ultimate question of "confusion" is not whether purchasers can differentiate the goods themselves, but rather whether purchasers are likely to confuse the source of the goods, *Helene Curtis Industries Inc. v. Suave Shoe Corp.*, 13 USPQ2d 1618 (TTAB 1989).

"Confusion" is therefore clearly an issue of fact for the trier of fact.

In any event, in the instant matter the limited and superficial examples of confusion submitted

by the Plaintiff do not speak to confusion among purchasers of the services. But rather to the confusion in identity (from people already associated with the companies in some way or another). Such a showing is not indicative nor probative of "confusion" as that term is defined within the law.

### III. A PRELIMINARY INJUCTION IS NOT WARRRANTED

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought," *Hughes Network Sys., Inc. v. InterDigital Communications Corp.*, 17 F.3d 691, 693 (4th [*578] Cir. 1994) (quoting Federal Leasing, Inc. v. Underwriters at Lloyd`s, 650 F.2d 495, 499 (4th Cir. 1981)).

Preserving the status quo pending adjudication on the merits is its purported aim, *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195 (4th Cir. 1977).

Based upon this submission and the previous submissions, not only does the Plaintiff not have a protectable mark, but the required "confusion" is also not present. Therefore the motion for a preliminary injunction is without merit as the plaintiff has not met it's burden with regard to a likelihood of success on the merits.

### IV. THE NECESSITY OF A RULE 56.1 STATEMENT

The Plaintiff has specifically plead in it's complaint and amended complaint the facts necessary to decide the Plaintiff's motion to dismiss, these include the undisputed facts that: (1) both parties are using the term "soil solutions" in commerce (2) that it is words and the term "soil solutions" that the Plaintiff seeks protection in (and not the actual marks used by the parties) (3) that the Plaintiff used the combination of the words in commerce before the Defendant (4) that the Defendant's New York registration was effectuated after initial communications between the parties. All of these essential facts are not in dispute.

Unless the Plaintiff seeks to retract it's own allegations, then it is respectfully submitted that the required facts to determine the Defendant's summary judgment motion are already undisputed.

Given these undisputed facts, the protectability of the mark itself is issue of law before the court. It involves application of the standards set forth in the law in relation to these undisputed facts.

Unlike the Plaintiff's motion, the Defendants motion does not require the Court to look beyond the nature of the term "soil solutions" to determine whether the term can be afforded protection.

Therefore it is respectfully submitted that a Rule 56.1 Statement is only required when the facts upon which the motion is based have relevance to the motion itself. In the instant matter the extraneous and necessary facts have been plead by the Plaintiff.

## CONCLUSION

Accordingly, for all of the foregoing reasons and the reasons Defendants respectfully request that the Court deny the respective motions of the Plaintiff and enter judgment dismissing the claims pleaded against them with prejudice and for such other and further relief as the Court may deem proper.

Respectfully submitted,

BY:   /s/ Christopher Cardillo, Esq.
Cardillo Law, P.C.
Attorneys for the Defendants
Soil Solution Industries Inc. and Gregory Dicapua
2005 Stillwell Avenue
Brooklyn, New York 11220
T. 718-395-3188; F. 718-228-7700
Email: hac5x3@gmail.com